USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ANIBAL MAURICIO REYES, et al.,

       Plaintiffs,

    -against-                                               04 Civ. 6962 (CM)(LMS)

MONGIELLO'S ITALIAN CHEESE
SPECIALTIES, LLC., et al.,

       Defendants.

_____x

MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S
MOTION TO ALLOW THIS ACTION TO PROCEED AS A REPRESENTATIVE
ACTION, TO AUTHORIZE NOTICE, AND TO DIRECT THE DISCLOSURE
OF NAMES AND ADDRESSES OF POTENTIAL OPT-IN PLAINTIFFS

McMahon, J.:

    Plaintiffs move for an order permitting this act ion to proceed as a presumptive opt-in action pursuant to 29 U.S.C. § 216(b). Defendants do not oppose the motion insofar as plaintiff seeks "pre-certification" of a class consisting of employees who worked at Defendants' Sullivan County production facility during part or all of the years 2003 and 2004, and defendants agree to provide plaintiffs' counsel with the names and addresses of those employees. As to that representative group, plaintiffs' motion is granted on consent.

    In a First Amended Complaint, plaintiffs have added similar wages and hours claims on behalf of a separate class of workers, those who are similarly situated to a new named plaintiff, Carlos Rodriguez. Rodriguez claims to have been employed or jointly employed by Defendants in the construction and maintenance of the Sullivan County facility. Although defendants consented to the filing of the amended complaint, they argue that Rodriguez has not made a factual showing that other workers are situated similarly to him. Specifically, they fault Rodriguez for failing to provide specific information including the identity of the other cosntruction workers, the work they performed, and details about the relationship between these workers and the defendants.

    I agree with plaintiffs that Rodriguez's supporting affidavit is sufficient to permit pre-certification of an FLSA representative class. His declaration is "sufficient to constittue a preliminary showing that plaintiffs and potential plaintiffs together were victims of a common policy or plan that violated the law....." Roebuck v. Hudson Valley Farms, Inc., 239 F. Supp. 2d

234, 238-39 (N.D.N.Y. 2002). Therefore, I authorize notice to the construction class as well, and I direct Defendants to produce the names and addresses of persons who performed construction or maintenance work during the same time period.

The FLSA class descriptor chosen by plaintiffs for the construction worker class – "all employees who were employed by Defendant Mongiello's Italian Cheese Specialities, LLC; Defendant Formagio Italian Cheese Specialties, Inc., or any business entity owned, operated, or controlled by any officer, director, member of principal of either Defendant, in the construction and/or maintenance of the Defendants' Sullivan County facility" – is acceptable to the Court. This means the list of employees must include employees of any business entity that falls within this description. L

As to Defendants' other objections to the proposed class notice and consent to sue, I rule as follows:

1. The first sentence of the final paragraph under the heading "Description of the Lawsuit" shall remain intact. The modified language proposed by Defendants for the second sentence of that paragraph.

2. Counsel for Defendants will not be identified in the notice.

3. The translations of the Notice and Consent must be verified by a federal or state court-certified translator prior to circulation.

This constitutes the decision and order of the Court. The Clerk is directed to remove this motion from the list of pending motions.

Dated: April 29, 2005

_____
U.S.D.J.

BY FAX TO ALL COUNSEL